**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHONTE PAGE,**

      **Plaintiff,**

  v.

**UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, HEART OF FLORIDA HEALTH CENTER, INC., JENNIFER K. ABERNATHY, D.O.; ELVIRA S. MERCADO, M.D.; AND THE UCF OCALA FAMILY MEDICINE RESIDENCY PROGRAM,**

      **Defendants,**

_____/

**Case No.: 5:25-cv-00742-JEP-PRL**

**ORDER**

    This removal action alleging medical malpractice is before the Court for consideration of Plaintiff's motion to strike all affirmative defenses asserted by Defendant University of Central Florida Board of Trustees, d/b/a UCF College of Medicine Graduate Medical Education Program and the UCF Ocala Family Medicine Residency Program. (Doc. 16).

    Upon preliminary review, the Court observes that the motion lacks the certification required by Local Rule 3.01(g) and it is therefore due to be denied, as motions to strike affirmative defenses are not among the motions excepted from the requirements of the rule. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak

to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000).

The parties should also carefully consider the legal standards applicable to motions to strike, and whether bringing forward such a motion is an appropriate exercise of the parties' (and the Court's) time and resources. Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored and will usually be denied unless it is clear that the pleading (or portion thereof) that is sought to be stricken is legally insufficient. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999). Indeed, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574 (M.D. Fla. 1995). And, "[t]o the extent defenses amount to denials, 'the proper remedy is not to strike the claim[s], but instead to treat [them] as . . . specific denial[s]." *Goodbys Creek, LLC*, 2009 WL 1139572, at *3 (citing *Bluewater Trading LLC v. Wilmar USA, Inc.*, 2008 WL 4179867, at *2 (S.D. Fla. Sep. 9, 2008)).

Accordingly, upon due consideration, Plaintiff's motion to strike (Doc. 16) is **DENIED** without prejudice. If any party wishes to refile this or a similar motion, they may

do so only after fully satisfying both the letter and spirit of Local Rule 3.01(g), and specifically and meaningfully discussing, via a direct conversation between counsel, either in person or via telephone <u>each</u> and <u>every</u> issue that remains in dispute in an effort to reach a resolution.

**DONE** and **ORDERED** in Ocala, Florida on December 10, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties