## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

SHONTE PAGE,

       **Plaintiff,**

     **v.**

**UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES,
HEART OF FLORIDA HEALTH
CENTER, INC., JENNIFER K.
ABERNATHY, D.O.; ELVIRA S.
MERCADO, M.D.; AND THE UCF
OCALA FAMILY MEDICINE
RESIDENCY PROGRAM,**

       **Defendants,**

_____/

**Case No.: 5:25-cv-00742-PRL**

### ORDER

This consent case alleging medical malpractice is before the Court for consideration of a motion for protective order and to quash Plaintiff's unilaterally noticed deposition, filed on behalf of the Federal Defendants, the Heart of Florida Health Center, Inc., Jennifer K. Abernathy, D.O., and Elvira S. Mercado, M.D. (Doc. 39).

Defendants request that the Court quash the deposition of Plaintiff that was unilaterally scheduled by Plaintiff's own counsel to take place on February 26, 2026. (Doc. 39). Defendants recite that, since the issuance of a scheduling order in this case, on January 28, 2026, "Plaintiff's counsel has been demanding for Defendants to schedule the deposition of his client, claiming that she is suffering from dire health issues, while neglecting to provide any evidence to support those assertions." (Doc. 29 at 2). In support of the motion,

Defendants have submitted the email thread containing communication between counsel as Exhibit A. (Doc. 39-1). Meanwhile, the motion recites that Plaintiff is opposed to the motion to quash.

Upon due consideration, the undersigned finds that Defendants' motion (Doc. 39) is due to be **GRANTED**. While the Court is sensitive to Plaintiff's health condition, that circumstance does not itself relieve counsel of fully complying with both the Local Rules and the standards established in the Middle District regarding discovery and scheduling of depositions. *See* Middle District Discovery (Feb. 1, 2021) at Section II.A.1 (explaining the general policy and practice regarding scheduling of depositions in the Middle District of Florida).

Going forward, the parties are reminded of their obligations under Local Rule 3.01(g). The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000).

**DONE** and **ORDERED** in Ocala, Florida on February 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Counsel of Record

Unrepresented Parties