**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHONTE D. PAGE,**

    Plaintiff**,**

**v.**

Case No: **5:25-cv-742-PRL**

**UNIVERSITY OF CENTRAL**
**FLORIDA BOARD OF TRUSTEES,**
**et al.,**

    Defendants.

_____

#### ORDER

This matter is before the Court on Defendant University of Central Florida Board of Trustees' ("UCFBOT") motion to dismiss, or in the alternative, motion to remand (Doc. 21), and Plaintiff's motion to transfer venue to the Orlando Division. (Doc. 24). Both motions are fully briefed and ripe for consideration.

### I.    Background

This is an action for medical negligence brought by Plaintiff against Defendants alleging that they failed to timely diagnose and treat her breast cancer. UCFBOT is named as a Defendant because two of its residents, Manal El-Hag, M.D. and Hira Hussain, M.D., were residents in the UCF Ocala Family Medicine Residency Program working at Defendant Heart of Florida Health Center, Inc. ("HFHC") during the time Plaintiff sought care at HFHC. Defendants Jennifer K. Abernathy, D.O. and

Elvira S. Mercado, M.D., were both family medicine physicians employed by Heart of Florida.

Plaintiff initiated this action in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. On November 5, 2025, Defendants, Heart of Florida Health Center, Inc., Jennifer Abernathy, D.O., and Elvira S. Mercado, M.D. (collectively "Federal Defendants") removed the state action to the U.S. District Court for the Middle District of Florida, Orlando Division. (Doc. 1). On November 6, 2025, United States District Judge Anne C. Conway entered an order noting that aside from defendants residing in Orange County, Florida, most of the events giving rise to the lawsuit occurred in Marion County, Florida and directing defendants to show cause why this case should not be transferred to the Ocala Division. (Doc. 5). No party filed a response to the order to show cause. Accordingly, on November 20, 2025, Judge Conway transferred the case to the Ocala Division finding that pursuant to Local Rules 1.04(a) and (b), this action is properly brought in the Ocala Division, because it is "most directly connected" with the action and where it "is most conveniently advanced." (Doc. 12).

On December 4, 2025, UCFBOT filed its motion to dismiss, or in the alternative, motion to remand, arguing that the Court lacks subject matter jurisdiction over UCFBOT, as it is a state entity entitled to Eleventh Amendment immunity. On December 11, 2025, Plaintiff filed her motion to transfer venue back to the Orlando Division.

- 2 -

## II.    Discussion

## A. UCFBOT's Motion to Dismiss

UCFBOT has moved to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction, claiming that UCFBOT is entitled to Eleventh Amendment immunity.

The Eleventh Amendment of the United States Constitution "bars federal courts from entertaining suits against states" and arms of the state. *See Abusaid v. Hilllsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). However, "[t]he Eleventh Amendment bar to suit is not absolute," and "[s]tates may consent to suit in federal court . . . and, in certain cases, Congress may abrogate the States' sovereign immunity." *Brown v. Florida Gulf Coast Univ. Bd. of Trustees*, No. 2:18-cv-157-FtM-29MRM, 2018 WL 5971661, at * 4 (M.D. Fla. November 14, 2018) (*quoting Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Where Eleventh Amendment immunity exists, a federal court lacks subject matter jurisdiction over claims against the immune entity.

It is well-settled that the boards of trustees of Florida's state universities are "arms" of the state for purposes of Eleventh Amendment immunity. *See Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.,* 861 F.3d 1234, 1237 (11th Cir. 2017); *Paylan v. Teitelbaum*, No. 2017 WL 2294084, at * (N.D. Fla. May 23, 2017) (holding that UFBOT is state agency entitled to Eleventh Amendment immunity and collecting cases making

similar findings). As such, absent waiver or abrogation by Congress, UCFBOT is entitled to Eleventh Amendment immunity.

Here, Plaintiff solely has alleged state law medical negligence claims. While a state may consent to suit against it in federal court, that consent must be "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984). As an initial matter, Florida's waiver of immunity for tort actions brought in state court in Fla. Stat. § 768.28, does not waive its Eleventh Amendment immunity from suit in federal court. *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990). Nevertheless, Plaintiff argues that UCFBOT waived its immunity by "its active litigation conduct" following removal. (Doc. 29 at 4-5). Specifically, Plaintiff contends that UCFBOT voluntarily submitted to federal jurisdiction by filing its Notice of Pendency of Other Actions and Rule 7.1 Disclosure Statements and by counsel confirming their attendance at the December 19, 2025, Rule 26(f) conference. In support of this argument, Plaintiff cites *Lapides v. Board of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), in which the Supreme Court held that the state waived its Eleventh Amendment immunity when it removed a case from state court to federal court. That case is certainly distinguishable from the instant case, where UCFBOT did not choose the federal forum.

Moreover, the actions that Plaintiff contends show that UCFBOT voluntarily submitted to federal jurisdiction were all taken at the direction of the Court and fail to show that UCFBOT was consenting to being sued in federal court. Upon removal, the Court entered its standard Initial Case Order in which it directed counsel within

fourteen days to file and serve its Disclosure Statement and Notice of Pendency of Other Actions. (Doc. 4). The Order advised that failure to file the Disclosure Statement may result in sanctions and that any motion, memorandum, response, or other paper may be denied or stricken unless the party has previously filed and served a Disclosure Statement. (Doc. 4 at 2 & n.1). Consistent with these directives, UCFBOT filed its Disclosure Statement (Doc. 20) and its Notice of Pendency of Other Actions (Doc. 19). These court-mandated administrative filings do not constitute a waiver of UCFBOT's Eleventh Amendment immunity.

Likewise, UCFBOT's counsel's agreement to attend the Rule 26(f) conference—which was directed by the Court's Initial Case Order (Doc. 4) and Local Rule 3.02—did not constitute a waiver. In fact, the e-mail correspondence attached to Plaintiff's response in which counsel agreed to participate (Doc. 29-1), post-dated UCFBOT's filing of its motion to dismiss asserting its Eleventh Amendment immunity. (Doc. 21).

Because UCFBOT has not unequivocally expressed its consent to be sued in federal court, Plaintiff's claims against UCFBOT are barred by Eleventh Amendment immunity here. UCFBOT requests that the Court either dismiss the claims for lack of subject matter jurisdiction or remand the claims against UCFBOT to the state court. Plaintiff requests that the Court remand the action back to the state court from which it was removed for cost and efficiency purposes.

Upon due consideration, UCFBOT's motion to dismiss, or in the alternative, motion to remand (Doc. 21) is **granted** to the extent that Plaintiff's claim in Count IV

of the Complaint against University of Central Florida Board of Trustees d/b/a/ College of Medicine Graduate Medical Education Program and The UCF Ocala Family Medicine Residency Program is **remanded** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. Plaintiff's claims against Defendants Jennifer K. Abernathy, D.O., Elvira S. Mercado, M.D., and Heart of Florida Health Center, Inc. remain pending in this Court.[1]

## B. Plaintiff's Motion to Transfer

Plaintiff requests that the court transfer this action back to the Orlando Division pursuant to 28 U.S.C. § 1404(a). Section § 1404(a) provides that a district court may transfer any civil action to any district or division where it could have been brought for: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. District courts have substantial discretion to adjudicate motions to transfer consistent with an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The burden is on the movant to show that this action should be transferred to the suggested forum in the interests of convenience and justice. *National Trust Insur. Co. v. Pennsylvania National Mutual Casualty Insur. Co.*, 223 F.Supp.3d 1236, 1242 (M.D. Fla. 2016).

---

[1] These Defendants have filed a motion to substitute the United States of America as the sole federal defendant in their place. (Doc. 44).

Plaintiff's motion for transfer relies heavily on the fact that she initially filed this action in the state court in Orlando, Florida. However, once this case was removed from state court, Judge Conway properly considered whether it was correctly filed in the Orlando Division. *See* M.D. Fla. Local Rule 1.04. After affording the parties an opportunity to be heard,[2] Judge Conway transferred this action finding that the Ocala Division is "most directly connected" with the action and is the Division where the action "is most conveniently advanced." (Doc. 12). Judge Conway explained that "aside from some defendants residing in Orange County, Florida, most of the events giving rise to the lawsuit occurred in Marion County, Florida." (Doc. 5). There is no dispute that the discretionary transfer to the Ocala Division was proper under Local Rule 1.04.[3]

Nevertheless, Plaintiff now contends that this action should be transferred back to the Orlando Division in the interests of convenience and justice—effectively overriding the district judge's prior determination. Plaintiff, however, has failed to offer any compelling arguments to support this request.

At the most fundamental level, the medical treatment giving rise to this medical negligence action occurred entirely in Marion County, Florida. While the Complaint includes the conclusory allegation that "some of the events" took place in Orange

---

[2] While the order to show cause was directed to Defendants, there was nothing preventing Plaintiff from filing a response. (Doc. 5).

[3] The Federal Defendants concede that the case should have been removed to the Ocala Division from the outset. (Doc. 28 at 2 & n.1).

County, Florida, the Complaint is devoid of any such facts. (Doc. 1-1 at ¶ 14). Indeed, Plaintiff alleges that she was treated at Heart of Florida in Ocala, Florida by UCFBOT residents Manal El-Hag, M.D. and Hira Hussain, M.D. and supervising physicians Dr. Jennifer Abernathy and Dr. Elvira S. Mercado. She also alleges that she had a mammogram and related procedure at Radiology Associates of Ocala Women's Imaging Center. Moreover, Plaintiff and Defendants—Heart of Florida Health Center, Inc.; Dr. Jennifer K. Abernathy; Dr. Elvira S. Mercado—are located in Marion County, Florida. Indeed, the only party located outside of Marion County is UCFBOT, which, as discussed above, has been dismissed from this federal action.

As for witnesses, Plaintiff asserts that even though Plaintiff's treatment was provided in Ocala, Florida, several of the treating witnesses, like those in the UCF residency program, no longer reside in Ocala, Florida. Plaintiff, however, does not contend that they reside in Orange County, Florida but rather that "almost all depositions are conducted via zoom for convenience of the parties in multiple locations." (Doc. 24 at 10). The fact that some treating witnesses might live elsewhere –but will be deposed via zoom—fails to support transfer. Also unpersuasive is Plaintiff's claim that Orlando is more convenient for unspecified witnesses because it is a large transportation hub.

Plaintiff also contends that keeping this federal case in the Ocala Division while a state case proceeds against UCFBOT in Orange County "creates significant inefficiency and risks inconsistent rulings." As discussed above, Plaintiff's claims against UCFBOT are barred in federal court and can only be pursued in state court.

And even if simultaneously conducting the state and federal cases in different geographical locations might lead to some inconvenience and inefficiencies, if fails to overcome the venue factors which weigh in favor of the Ocala Division.[4] Indeed, as Judge Conway already found, the Ocala Division is the "most directly connected" with the action and where the case "is most conveniently advanced."

For the reasons stated above, Plaintiff's motion to transfer venue to the Orlando Division (Doc. 24) is **denied.**

DONE and ORDERED in Ocala, Florida on March 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record

---

[4] Of course, to the extent Plaintiff believes that the state and federal cases being conducted in the same geographic location will be more convenient and efficient, she can re-file her claim against UCFBOT in state court in Marion County, Florida.